(No. 11130.—Demurrer sustained.)

THE PEOPLE *ex rel.* W. A. Zeno, Relator, *vs.* THE ILLINOIS STATE BOARD OF DENTAL EXAMINERS, Respondent.

*Opinion filed April 19, 1917.*

1. CONSTITUTIONAL LAW—*legislative journals may be resorted to to prove law was passed according to constitution.* The legislative journals may be resorted to to prove that a bill was read at large three separate days in the house of representatives, in compliance with the constitution.

2. SAME—*rule where the constitution does not require a constitutional prerequisite to be shown by legislative journals.* Where the constitution does not require a constitutional prerequisite to be shown by the legislative journals and it can be inferred from the recitals in said journals that such fact existed or such step was taken, the presumption will be indulged that such fact did exist or that such step was taken, in order to sustain the validity of the law, unless the contrary appears from the journals themselves.

3. SAME—*constitution does not require journal of house to record all steps taken in passage of a bill.* While the constitution requires that each house of the legislature shall keep a journal of its proceedings, which shall be published, yet the yea and nay vote on the passage of bills and the dissent from and protest thereto by any member or members, on their request, are all the matters that are specifically required to be entered on such journals, and there is no specific provision in the constitution that the journals shall recite that every bill was read at large on three different days.

4. SAME—*the act of 1909, relating to practice of dentistry, was passed in compliance with the constitution.* The recitals in the house journal that the act of 1909, in regard to the practice of dentistry, was ordered to a second reading, was called up in the order of second reading and was called up and read at large a third time, indicate that it was read at large a second time, and it must be presumed that in this respect the bill was passed in compliance with the constitution.

ORIGINAL petition for *mandamus.*

FRANK FARNUM, and J. L. FARNUM, for relator.

P. J. LUCEY, Attorney General, GEORGE P. RAMSEY, and RICHARD H. COLBY, for respondent.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Relator, William A. Zeno, of the city of Chicago, filed his petition in this court praying for a writ of *mandamus* to compel respondent, the Illinois State Board of Dental Examiners, to expunge from its records an alleged void finding and resolution revoking his license to practice dentistry in this State.

It is averred in the petition that the act of 1881 entitled "An act to insure the better education of practitioners of dental surgery and to regulate the practice of dentistry in the State of Illinois," was passed by the legislature, and that under the provisions of that act the relator caused his name, residence and place of business to be registered with the said board of dental examiners in a book kept by it for that purpose, which under said act entitled him to practice dentistry in this State. It is also averred that the General Assembly in 1909 made ineffectual and abortive efforts to repeal the said Dental act of 1881 and to pass a new act in its stead. The entries in the respective journals of the senate and house of representatives are set out in full in the petition, showing the various steps in the passage of the Dental act of 1909. He further avers in the petition that James H. Ballard, prior to the enactment of the said act of 1909, sold to the relator his dental office at 3959 West Twelfth street, Chicago, together with the signs then on the premises and the good will of the business, and authorized said relator to operate said dental office under the name "Ballard, Dentist;" that subsequent to said sale to relator, on May 8, 1916, Ballard filed or caused to be filed with respondent a complaint in writing against the relator, charging him with practicing dentistry under the name of Ballard and with practicing various advertising methods under the name of Ballard; that a hearing was had before respondent on said charges, and a finding was made against relator and a resolution adopted striking his name from the roll of licensed or registered dentists in this State, and that

278 – 10

he has made demands on respondent that it expunge said finding and resolution from its records but that it refuses to so do. It is then averred that respondent wrongfully claims the right, power and jurisdiction to revoke his license by virtue of section 7 of said act of 1909, which, among other things, provides: "The board may refuse to issue the license provided for in this act, or may revoke any license now in force or that shall be hereafter given, if issued to individuals who have * * * practiced under names other than their own, or for any other dishonorable conduct."

The relator bases his claim that the said act of 1909 is void on the ground that it was not passed in accordance with the requirements of the constitution of 1870, for the reason that the journal of the house of representatives fails to affirmatively show that said bill was "read at large for a second time in the house of representatives." Respondent filed a general and special demurrer to the petition. Both parties to this controversy insist that the sole question presented on this record is whether or not said Dental act of 1909 is unconstitutional because it was not read at large for a second time in the house of representatives.

It is urged by relator that the journal of the house of representatives fails to show that the bill was "read at large for a second time in the house," and that from that omission this court must presume that the constitutional requirement was not complied with by that law-making body. We understand that the real contention that relator intends to make here is that the said bill was not read at large on three several days in the house of representatives in compliance with the constitution, as shown by the journal of the house, and that for that reason the said act is invalid. It has been the uniform holding of this court that the legislative journals may be resorted to for proof of the compliance with such constitutional requirement in the passage of an act. A long line of authorities on this proposition are

collated in *Neiberger* v. *McCullough,* 253 Ill. 312. Another rule seems to be well established in this jurisdiction,—*i. e.,* that where the constitution does not require a constitutional prerequisite to be shown by the legislative journal, and it can be inferred from the recitals in said journal that such fact existed or such step was taken, then the presumption will be indulged that such fact did exist or that such step was taken in order to sustain the validity of the law, unless the contrary appears from the journal itself. (*Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 Ill. 324; *Dragovich* v. *Iroquois Iron Co.* 269 id. 478.) The constitution does not specifically provide that the journals shall recite that every bill was read at large on three different days. The specific provision of the constitution in that regard is: "Every bill shall be read at large on three different days, in each house; and the bill and all amendments thereto shall be printed before the vote is taken on its final passage; and every bill, having passed both houses, shall be signed by the speakers thereof." (Const. 1870, art. 4, sec. 13.) While the constitution requires that each house shall keep a journal of its proceedings, which shall be published, yet the yea and nay vote on the passage of bills and the dissent from and protest thereto by any member or members on their request are all the matters that the constitution specifically provides shall be entered on the journals of the house and senate. (Const. 1870, art. 4, sec. 10.)

We think that the entries in the house journal, as shown by the petition, bring this case clearly within the rule stated, as aforesaid, in *Dragovich* v. *Iroquois Iron Co. supra.* From the entries in the house and senate journals as set forth in the petition it clearly appears that the bill known as Senate Bill No. 145, "An act to regulate the practice of dental surgery and dentistry in the State of Illinois, and to repeal certain acts therein named," was introduced in the senate and passed. The bill was then reported to the house, and having been printed was taken up and read

at large in the house for the first time April 15, 1909, and was referred to the committee on judiciary. That committee reported the bill back April 23, 1909, with an amendment thereto, with a recommendation that the amendment be adopted and that the bill as amended be passed. The house journal then recites, "The report of the committee was concurred in and the bill ordered to second reading." "April 29, 1909—By unanimous consent Mr. Geshkowich called up Senate Bill No. 145 in the order of second reading, whereupon the committee on judiciary offered the following amendment." The journal here shows a copy of the amendment and then further recites, "And the amendment was adopted." The journal at that point further shows that an amendment to the bill was offered by Mr. King and on motion was tabled. The committee on engrossed and enrolled bills reported that the house amendment to the bill had been correctly engrossed and returned therewith. The bill was then placed in the order of senate bills on third reading. On May 25, 1909, after the amended bill had been engrossed and printed, it was read at large for the third time, according to the recitals in the house journal, and was passed by a constitutional majority of the house, the recorded vote being, yeas 121, nays none. The bill was then reported back to the senate with the amendment, which was concurred in by the senate May 29, 1909, by a vote of 43 yeas, nays none.

Applying the foregoing rules and presumptions to this case, it seems clear that the presumption must be indulged in that the said act of 1909 was passed in compliance with the constitution. The recitals in the house journal that the bill was ordered to second reading and that it was called up in the order of second reading, and that it was called up and read at large a third time, certainly indicate that it was read at large a second time. It is not conceivable that a bill could be called up and read at large for a first time and for a third time without having been read at large a

second time. If it was not read a second time, how could it be said to have been read a third time?

Respondent acted in conformity with a valid law in revoking relator's license. The action of the board is challenged on the sole ground that the statute under which the respondent acted was not passed in the house of representatives in conformity with the said provision of the constitution. The demurrer to the petition is sustained. The judgment will be that the respondent go without day and that it recover its costs.          *Demurrer sustained.*